## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JANEL N. SMITH,

    Plaintiff,

    v.

THE U.S. EQUAL EMPLOYMENT
OPPPORTUNITY COMMISSION, *et al.*,

    Defendants.

Civil Action No. 16-1392 (JEB)

### MEMORANDUM OPINION

*Pro se* Plaintiff Janel Smith brings this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, against the Equal Employment Opportunity Commission and the Merit Systems Protection Board, challenging the manner in which those entities process discrimination claims. Defendants now move to dismiss on a variety of grounds. Because jurisdictional barriers prevent Smith from making any progress here, the Court will grant Defendants' Motion.

## I.     Background

Plaintiff's Complaint, originally filed in the Superior Court for the District of Columbia, is not easy to follow, but appears to assert claims under the FTCA for "negligence, deliberate acts, wrongful acts, and omissions of employees of the United States Government." ECF No. 1-1 (Complaint) at 2. She seeks damages for "Exacerbated Physical and Mental Injuries and/or Illnesses, Sleep Deprivation, Loss of Enjoyment of Life, Damage to Reputation; Damage to Career and/or Career Progression, Emotional Distress, Humiliation, Interference of immediate

relationships (family, friends, etc.), negative outlook on Justice within the United States, and

Post-Traumatic Stress Disorder." Id. at 12-13.

The Complaint alleges, *inter alia,* that Defendants "created barriers to Justice by

establishing a pattern of practice during case assessment and processing of present and former

Federal Employees['] complaints" through collusion, a lack of transparency, fear and

intimidation, and abuse of power. Id. at 5-6. According to Plaintiff, Defendants created a

"disparity of Law application, assessment, and processing in comparability to similarly situated

Non-Federal employees." Id. at 4. They "maintain[ed] a pattern of practice focusing solely on

budget, revenue, and bonuses . . . maintaining the status quo of continuing abuses within Federal

workplaces." Id. at 5 (ellipses in original). She complains of "biased handling of complaint[s],"

"misconduct, mismanagement, and reprisal during complaint processing," "a flagrant disregard

of Laws," and so forth. Id. at 6. The Complaint alleges no facts specific to Smith's own

situation.

After Defendants removed the matter to this Court, see ECF No. 1 (Notice of Removal),

they filed a Motion to Dismiss. See ECF No. 5. In opposing the Motion, Plaintiff provides

slightly more information, particularly in her exhibits. See Opp., Exhs. A & B. The Court will

consider the facts alleged in her Opposition in looking at the Motion to Dismiss. See Brown v.

Whole Foods Mkt. Grp., Inc., 789 F.3d 146, 152 (D.C. Cir. 2015).

For example, Smith alleges that Defendants "ignor[ed] evidence destruction and

obstruction of justice, in February 2012, January 2014, and November 2014, within a

Discrimination and a Whistleblower case brought forth in September 2010, against the

Department of Justice." Opp. at 2. She also refers to two exhibits, which consist of emails

between Plaintiff and EEOC officials in which Smith complains about administrative law judges

(Exh. A) and a pleading she filed in the MSPB proceeding (Exh. B).  None of this makes clear what the thrust of her grievance is.

## II.     Legal Standard

In evaluating Defendants' Motion, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). This standard governs the Court's considerations of Defendants' Motion under both Rules 12(b)(1) and 12(b)(6).  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader"); Walker v. Jones, 733 F.2d 923, 925-26 (D.C. Cir. 1984) (same).  The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint.  Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted).

To survive a motion to dismiss under Rule 12(b)(1), Plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear her claims.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000).  A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."  Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  For this reason, "'the [p]laintiff's factual allegations in the

complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." <u>Id.</u> at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." <u>Jerome Stevens</u>, 402 F.3d at 1253; <u>see also</u> <u>Venetian Casino Resort, L.L.C. v. EEOC</u>, 409 F.3d 359, 366 (D.C. Cir. 2005) ("given the present posture of this case – a dismissal under Rule 12(b)(1) on ripeness grounds – the court may consider materials outside the pleadings").

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor. <u>See</u> <u>Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164 (1993). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotation omitted). A plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," <u>Twombly</u>, 550 U.S. at 556 (citing <u>Scheuer</u>, 416 U.S. at 236), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.

Where the action is brought by a *pro se* plaintiff, the Court must construe her filings liberally and hold the complaint to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520–21 (1972); see also Schnitzler v. United States, 761 F.3d 33, 38 (D.C. Cir. 2014).

### III.   Analysis

In moving to dismiss, Defendants raise a series of arguments.  They first maintain that under the FTCA, sovereign immunity deprives the Court of subject-matter jurisdiction.  See Mot. at 1.  In addition, they contend that the Complaint fails to state a claim upon which relief can be granted.  Id.  The Court will consider these points separately.  Before doing so, it notes that, although Plaintiff mentions other statutes in her Complaint, she makes clear she is only suing under the FTCA.  See Compl. at 2 ("The complaint and/or claims herein are brought against the United States, pursuant to the Federal Tort Claims Act . . . ."); Opp. at 2 ("Plaintiff's claims brought against the Defendants, pursuant to the Federal Tort Claims Act . . . .").

### A.   FTCA Claim

Even crediting Smith's unclear allegations, a jurisdictional hurdle bars her way: sovereign immunity.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("sovereign immunity is 'jurisdictional in nature'").  The FTCA waives the sovereign immunity of the United States and confers jurisdiction on district courts for certain torts committed by federal employees.  See 28 U.S.C. § 1346(b)(1).  Under the Act, only the United States can be a defendant, not federal agencies.  Id. § 2679(a).  As a result, the EEOC and the MSPB are not proper parties to be sued here.  Even if this procedural flaw were remedied, however, it would not be enough to save Plaintiff's claim.

This is because the waiver of sovereign immunity under the FTCA is limited.  The United

States may be sued only "under circumstances where . . . a private person[] would be liable to the

claimant in accordance with the law of the place where the act or omission occurred."  Id.

§ 1346(b)(1); see also id. § 2674.  In other words, if a private person would not be liable under

local law to a plaintiff for the alleged conduct, a court does not have jurisdiction over the FTCA

claim.  See United States v. Olson, 546 U.S. 43, 44 (2005).

Plaintiff alleges that the EEOC breached its duty to "enforc[e] federal laws that make it

illegal to discriminate against a job applicant," and that the MSPB breached its duty to "enforce

and uphold whistleblower protections" by mishandling administrative claims.  See Compl. at 10.

As Defendants point out, "A private person has no legal duty to process hearings or appeals in a

particular way."  Mot. at 5.  Further, a private person has no legal duty to enforce discrimination

laws or whistleblower protections.  Because the "quasi-adjudicative action by an agency of the

federal government is action of the type that private persons could not engage in and hence could

not be liable for under local law," Jayvee Brand, Inc. v. United States, 721 F.2d 385, 390 (D.C.

Cir. 1983), Plaintiff's FTCA claim does not overcome the defense of sovereign immunity.

Although she attempts to invoke local criminal statutes of obstruction of justice and tampering

with evidence, see D.C. Code §§ 22-722(a)(6), 723(a), her suit still relates to the EEOC and

MSPB's handling of administrative claims and thus cannot proceed under the FTCA.  See

Hornbeck Offshore Transp., LLC v. United States, 569 F.3d 506, 510 (D.C. Cir. 2009) (holding

FTCA claim barred when Coast Guard's misassignment of phase-out date for certain barges was

grounded on duty created by federal statute).

B.  Failure to State Claim

As Defendants correctly contend, even if the Court did have subject-matter jurisdiction, Plaintiff fails to state a claim upon which relief can be granted.  While the Complaint alleges that Defendants were negligent, it fails to allege specific facts to support such a contention.  It does not articulate, for example, the duty of care owed to Plaintiff, facts to establish that anyone at the EEOC or the MSPB breached that duty, or causation.  Conclusory allegations about the general processing of claims by the EEOC and MSPB are not sufficient to survive Defendants' Motion.

IV.  **Conclusion**

For the foregoing reasons, the Court lacks subject-matter jurisdiction over this case, and Defendants' Motion will be granted.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 17, 2016